UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Randolph L. Chambers


    v.                                          Civil No. 05-cv-219-SM

Warden, New Hampshire State Prison
Medical Department, et. al.


### REPORT AND RECOMMENDATION

    Plaintiff Randolph L. Chambers is an inmate housed in the Close Custody Unit ("CCU") at the New Hampshire State Prison for Men ("NHSP"). Plaintiff claims that the Defendants are violating his constitutional right to adequate medical care to address a serious medical need. Plaintiff filed a motion for a temporary restraining order and a preliminary injunction (document no. 4). This matter was referred to me to review and to prepare a report and recommendation. The Court held an evidentiary hearing on July 12, 2005.

### Background

    Plaintiff alleges that he has a respiratory disease, asthma, and has had difficulty breathing in CCU during the high temperature days in the months of June and July. There is no air

conditioning in Plaintiff's cell.[1]  Plaintiff demonstrated at the hearing that he has been prescribed an Albuterol inhaler, which he uses as necessary, but there is no evidence that Plaintiff has increased his use of his inhaler during the last two months.

To alleviate his discomfort, Plaintiff has requested that the Defendants assist him in obtaining a medical restriction pass that would enable him to purchase a fan from the prison canteen. The evidence showed that an adverse finding was entered against Plaintiff on a disciplinary report on May 10, 2005 that prohibits Plaintiff from purchasing electronics from the canteen for seventy-five days.  The restriction is scheduled to end on or about July 25, 2005, after which Plaintiff could, if he has sufficient funds, purchase a fan.[2]

The physician responsible for Plaintiff's medical care, Dr. Englander, submitted an affidavit, which was entered into evidence at the hearing by agreement of the parties.  In her

---

[1] While the defendants presented evidence that the prison has vents in the cells and an air exchanger, Plaintiff believes that the air in his cell is stagnant.

[2] The evidence showed that Plaintiff was housed in CCU during the summer months of 2004, but did not purchase a fan after the one he previously owned broke, despite having no restriction on his ability to do so.

affidavit, Dr. Englander indicates that there would be no medical benefit to Plaintiff if he were permitted to obtain a fan.

Brad Bowden, a registered nurse employed by the New Hampshire Department of Corrections, testified that when he saw Plaintiff on June 5, 2005, Plaintiff complained of tightness in his back, but did not complain of respiratory distress. Bowden testified that Plaintiff later asked for a medical restriction pass for an electric fan for his comfort. Plaintiff was not exhibiting signs of wheezing or respiratory distress. Bowden testified that had plaintiff complained of difficulty breathing he would have done a respiratory assessment, which would have included listening to Plaintiff's chest to determine whether it contained fluid and checking the oxygen saturation in Plaintiff's blood with a monitor. Bowden further testified that Plaintiff did not complain of respiratory problems when he was seen for weekly prescription renewals for pain medication on June 20, 2005, June 27, 2005 or July 1, 2005, nor are there other such notes in Plaintiff's file from other members of the medical staff.

## Discussion

A district court may grant a plaintiff's request for a

preliminary injunction if the plaintiff satisfies a four-part test: (1) the plaintiff is likely to succeed on the merits of the action; (2) the plaintiff will suffer irreparable harm if the injunction is not granted; (3) the injury to the plaintiff outweighs any harm which granting the injunction would inflict on the defendant; and (4) the public interest will not be adversely affected by the granting of the injunction.  See Langlois v. Abington Hous. Auth., 207 F.3d 43, 47 (1st Cir. 2000); Public Serv. Co. v. Patch, 167 F.3d 15, 25 (1st Cir. 1998).  A party seeking injunctive relief must independently satisfy each of the four factors.  See Auburn News Co. v. Providence Journal Co., 659 F.2d 273, 277 (1st Cir. 1981).

   Reviewing all of the evidence presented during the hearing, the Court finds that while a fan may have made Plaintiff more comfortable, Plaintiff did not present any medical evidence to substantiate his claim that the defendants have been deliberately indifferent to a serious medical need.  Therefore, the Court finds that Plaintiff has not demonstrated that he is likely to succeed on the merits of his constitutional claim based on a denial of adequate medical care.  Since a party seeking a preliminary injunction must independently satisfy each

preliminary injunction factor, the Court finds that a preliminary injunction is not warranted without addressing the remaining factors.  See <u>Auburn News</u>, 659 F.2d at 277.

## Conclusion

For the reasons set forth above, the Court recommends that the Plaintiff's motion for a temporary restraining order and preliminary injunction (document no. 4) be denied.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: July 12, 2005

cc:   Randolph L. Chambers, <u>pro se</u>
      Nancy Smith, Esq.